### Griffith *vs.* Jarrett.—June, 1826.

J and G submitted by parol all matters in dispute between them to arbitration. Under this submission the arbitrators made an award, stating "that they had taken into consideration all matters which were laid before them in dispute between the parties, and they do hereby award and determine that there is due from G to J, $367," &c. On the back of the award was this endorsement, without date, signed by the arbitrators: "Note. The arbitrators wish it to be understood by the parties, that they have taken no notice whatever of the claim made by G for credit for dividends said to be received by J for bank and insurance stocks." In an action of *assumpsit* on this award, it was in evidence, that the subject of the dividends alluded to in this endorsement, was one of the matters in dispute, and one of the subjects of the reference—*Held*, that the plaintiff was not entitled to recover. That as the endorsement on the award was without date, it must be inferred to have been made at the time the award was, and to have been intended to form a part of it. That therefore the award was defective in two essential particulars—1. In its being only of parcel of the submission. 2. In its not being final on the subject of the submission.—*Held* also, that it was competent in this action for the defendant to give in evidence that the plaintiff was indebted to him for dividends received on the said bank and insurance stocks.

APPEAL from *Harford* County Court. This was an action of *assumpsit*, founded on an award of arbitrators selected by the parties. The defendant below, (now appellant) pleaded *non assumpsit*, and issue was joined.

1. At the trial the plaintiff, (the Appellee) gave in evidence the following award, dated the 3d of July, 1822, and signed by *John Archer* and two others. "The undersigned, acting as arbitrators in the settlement of accounts between *Abraham Jarrett* and *Edward Griffith*, state that they have taken into consideration all matters which were laid before them, in dispute between the parties, and they do hereby award and determine, that there is due from the said *Griffith* to the said *Jarrett* the sum of three hundred and sixty-seven dollars and eighty-five cents, bearing interest from the 15th day of February, 1817." Upon the back of this writing was this indorsement: "*Note.* The arbitrators wish it to

be understood by the parties, that they have taken no notice whatever of the claim made by Mr. *Griffith* for credit for dividends said to be rec'd. by Mr. *Jarrett*, for bank and insurance stocks." This was also signed by the arbitrators. The plaintiff also gave in evidence the following letter written to him by the defendant, and dated the 8th of July, 1822, viz. "In answer to yours of this morning, I have to state, that I received the award on Saturday last from Doctr. *Archer*, and wrote to him on the subject, which letter I requested him to shew to you; it was to inform you that the amt. of the award would be paid on demand, whenever I was released from my securityship to the guardian of *Herman Stump*. I shall be at *Bush* tomorrow, and the money will be paid then, if the release has been made." The defendant then gave in evidence by Doctor *John Archer*, one of the arbitrators, that the plaintiff and defendant had submitted to the arbitrators who made the award above-mentioned, all matters in difference between them; that one of the matters in difference was the amount of dividends which the defendant alleged had been received on bank stock, from the banks in *Baltimore*, by the plaintiff, on account of *Hannah Stump*, who was afterwards the wife of the defendant, which the defendant insisted should be credited by the arbitrators in the award upon the plaintiff's account, which consisted of various items furnished the said *Hannah*, by the plaintiff, before her marriage with the defendant, and of no other items whatever; that the dividends would have exceeded the amount of the said award; that the arbitrators rejected the matter of the dividends, because no evidence was produced before the arbitrators; but referred the parties to the bank books in *Baltimore*, to ascertain the same, where the evidence was to be procured. And the defendant further gave evidence, in explanation of the said letter, that he, together with several others, had given security in the orphans' court for *Elizabeth Jarrett*, the wife of the plaintiff, as guardian to *William H. Stump*; and he offered in evidence the bond so by them entered into, dated the 11th of March, 1817. He further gave in evidence, that the said guardian was, on the 27th of August 1822, in arrear to the estate of the said *William H. Stump*, to the amount of $9,680 07; and that

he the defendant, as one of the said securities, was sued for the same.    The defendant then prayed the court to instruct the jury, upon all the evidence that the plaintiff was not entitled to recover; which direction the Court [*Hanson* and *Ward*, A. J.] refused to give.    The defendant excepted.

2. The defendant then further offered in evidence, that the plaintiff had at various times before the marriage of *Hannah Stump*, which took place in February 1817, received dividends upon the stock in the banks and insurance companies of *Baltimore*, to the amount of the said award; and that those moneys had never been accounted for by the plaintiff; but this evidence the court rejected.    The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued at the last term before BUCHANAN, Ch. J. and MARTIN, and STEPHEN, J.

*Mitchell*, for the Appellant, contended, that the award was null and void, as it awarded on part only of the matters submitted to arbitration.    That it was not a final award of all differences, and that it was not mutual.   He referred to *Kyd on Awards*, 171, 208, 215, 216, 218, 219, 220; and 1 *Com. Dig.* 185.

*Magruder* and *R. Johnson*, for the Appellee, cited *Chapman vs. McCann*, decided in this court at June term 1824. (MS.)

                                        *Curia adv. vult.*.

STEPHEN, J. at this term delivered the opinion of the court. The suit in the court below was founded upon an award made by certain referees, in virtue of a submission by parol of all matters in difference between the plaintiff and defendant.    In the course of the trial the defendant proved, by one of the arbitrators, that one of the matters in controversy between the parties, was the amount of certain dividends, alleged by the defendant to have been received by the plaintiff on bank stock in certain banks in *Baltimore*, an account of *Hannah Stump*, while sole, but who afterwards intermarried with the defend-

ant, which he insisted should be credited to him in the award upon the plaintiff's account, which consisted of sundry items furnished the said *Hannah,* by the said *Jarrett,* before her marriage with the defendant, and of no other items whatever, and that the dividends would have exceeded the amount of the said award; that the arbitrators rejected the matter of the dividends, because no evidence was produced before them, but referred the parties to the bank books in *Baltimore,* to ascertain the same, where the evidence was to be procured. On the back of the award was the following note or memorandum: "*Note.* The arbitrators wish it be understood by the parties, that they have taken no notice whatever of the claim made by Mr. *Griffith* for credit for dividends said to be received by Mr. *Jarrett* for bank and insurance stocks." This endorsement has no date, and is presumed to have been written at the same time the award was made. It is signed by all the referees who signed the award, and was no doubt intended to be a part thereof; and no reason is perceived in point of law why it should not have that effect. Ascribing to it this faculty of explaining the scope and operation of the award, it manifestly results, as a necessary legal consequence, that the award is not good or binding upon the parties. It is deficient in two essential attributes of a valid award. It must not be of parcel only of the things submitted. *Kyd on Awards,* 171. And it must be final, so as to prevent any future litigation on the subject of the submission. *Ibid* 208.

This court are of opinion, that the court below erred in their opinions expressed in both bills of exceptions.

JUDGMENT REVERSED.